**FLEISCHER & FLEISCHER**
**Brian M. Fleischer, Esquire**
**Ivy M. Kempf, Esquire**
**Plaza 1000 At Main Street**
**Suite 208**
**Voorhees, NJ 08043**
**(856) 489-8977**

**Attorneys for Plaintiff**

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Advanta Bank Corp., as assignee of Preferred Captial Corporation, 1020 Laurel Oak Road, Voorhees, NJ 08043 | : CIVIL ACTION NO. 02CV4054 : : : : |
| v.          Plaintiff, | : : |
| R.R. Blimline, Inc. and Raymond Blimline, 3305 Penn Avenue West Lawn, PA 19609 Bala Cynwyd, PA 19004 | : **PLAINTIFF'S CERTIFICATION IN** : **SUPPORT OF IT'S MOTION FOR** : **DEFAULT AGAINST DEFENDANTS** : **FOR FAILURE TO COMPLY WITH** : **THE TERMS OF SETTLEMENT** |
| Defendants. | : |

I, Ivy M. Kempf, Esquire, pursuant to 28 U.S.C.§1746, hereby declare as follows:

1.      I am the attorney for Plaintiff Advanta Bank Corp., as assignee of Preferred Capital Corporation ("Plaintiff").

2.      On or about June 24, 2002, Plaintiff filed its Complaint against R.R. Blimline, Inc. and Raymond Blimline (hereinafter jointly and severally referred to as "Defendants"), in the above-referenced matter.

3.      On or about January 16, 2003, Plaintiff filed a Summary Judgment Motion Against Defendants.  This matter was further scheduled for Arbitration on February 19, 2003.

4.      On the eve of Arbitration and while the Summary Judgment Motion was pending, the parties were able to come to a settlement agreement whereby the Defendants agreed to pay to Plaintiff the total sum of Fifty-Six Thousand Dollars ($56,000.00), payable in monthly payments of $2,000.00, plus the return of the equipment. In addition, the Defendants were to provide a second mortgage on the real property owned by Raymond Blimline.  <u>See</u> true and correct copy of the February 18, 2003 letter from Defendant's counsel attached hereto as Exhibit "A" and incorporated herein by reference.

5. On or about February 26, 2003, I forwarded to opposing counsel copies of the Orders of Court Dismissing this Action Denying Plaintiff's Motion For Summary Judgment as Moot. See a true and correct copy of the February 26, 2003 letter and Orders attached hereto as Exhibit "B" and incorporated herein by reference.

6. On or about March 4, 2003, I forwarded a proposed Stipulation of Settlement to the Defendants' attorney and asked him to contact me with any comments to the same. See a true and correct copy of the March 4, 2003 letter attached hereto as Exhibit "C" and incorporated herein by reference.

7. Shortly thereafter, Defendants counsel contacted me, via telephone, with respect to Stipulation of Settlement and asked that I make some changes to the same, namely to give his client additional time for the payment.

8. On or about March 14, 2003, I forwarded a revised Stipulation of Settlement to Defendants attorney allowing the Defendants to make the first payment on April 1, 2003 instead of March 1, 2003. See a true and correct copy of the March 14, 2003 letter attached hereto as Exhibit "D" and incorporated herein by reference.

9. In April of 2003, I was contacted by the attorney for the Defendants with news that his client was able to find a purchaser for the equipment and if the Plaintiff wished, they could sell the same to this purchaser and perhaps credit the Defendants in some way for setting up the sale. The Defendants specifically requested perhaps some courtesy by pushing back the first payment under the Agreement.

10. My client agreed to go through with the sale and gave the Defendants a $16,000 credit toward the balance owed, reducing their debt to $40,000 instead of $56,000. In addition, my client agreed to push back the due date of the first payment, once again, to June 1, 2003. This was confirmed in a letter from Defendant's counsel on April 17, 2003. See a true and correct copy of Defense counsel's April 17, 2003 letter attached hereto as Exhibit "E" and incorporated herein by reference.

11. On April 18, 2003, I faxed a revised Stipulation of Settlement to Defendants' counsel with the new figure of $40,000.00 and the new first payment date of June 1, 2003. See a true and correct copy of the April 18, 2003 fax attached hereto as Exhibit "F" and incorporated herein by reference.

12. On or about June 4, 2003, after not having heard from the Defendants attorney, I telephoned and forwarded a letter to Defendants' attorney to inform him that his clients' first payment under the settlement was overdue and that, to date, I had not received a signed copy of the Stipulation of Settlement from his client. See a true and correct copy of the June 4, 2003 letter attached hereto as Exhibit "G" and incorporated herein by reference.

13. On or about June 11, 2003, after not hearing back from Defense counsel, I forwarded a second letter to inform him that this motion would follow if I did not receive a response. See a true and correct copy of the June 11, 2003 letter attached hereto as Exhibit "H" and incorporated herein by reference.

14. The Defendants defaulted under the Settlement Agreement by failing to remit payment under the Agreement between the parties and failure to provide a second mortgage to Plaintiff in the amount of $80,489.82 to Plaintiff.

15. Pursuant to the Agreement between the parties (which is outlined in the Stipulation of Settlement), if the Defendant failed to make the payment when due, the full amount of $80,489.82, together with attorneys fees and costs expended in recovering such balance would immediately be due and owing to Plaintiff by Defendants.

16. There is due and owing the remaining balance of $64,489.82 from the Defendants to the Plaintiff, calculated as follows: $80,489.82- $16,000 (credit on sale of equipment).

17. Plaintiff is further requesting the award of attorneys fees in the amount of $500.00 for the time spent attempting to have Defendants comply with the Settlement and in filing this Motion.

18. Plaintiff is further demanding that a Defendants' provide a second mortgage in the amount of $64,989.82 ($64,489.82 + $500 attorneys fees) on the real property owned by Defendant Raymond Blimline to Plaintiff within five (5) days of receipt of this Order as security.

I certify that the foregoing statements made by me are true to the best of my knowledge. I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Ivy M. Kempf, Esquire
Attorney for Plaintiff

Dated: June 23, 2003